```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
UNITED STATES OF AMERICA
                                                            MEMORANDUM
         - against -                                        AND ORDER

GUSTAVE DRIVAS, et al.,                                     10-CR-0771 (NG)
                            Defendants.
-----------------------------------------------------------X
```

**JAMES ORENSTEIN, Magistrate Judge:**

Defendant Elena Girenko has been released on a bond with conditions including home confinement with electronic monitoring. In a letter dated August 10, 2011, Docket Entry ("DE") 77, she requests permission to travel to the wedding on August 14, 2011, of two "close friends of the defendant." *Id*. at 1. The government consents to the request. *Id*. I note that there is no indication as to whether any surety who has signed the million dollar bond is aware of or has consented to the proposed modification of the conditions of release. The assigned district judge is unavailable, and the matter therefore comes before me for decision in my capacity as the magistrate judge on criminal duty. For the reasons set forth below, I deny the request.

The docket reveals that the defendant has made "a series of requests to allow her to leave her home for birthday celebrations and other social events." DE 41 (minute entry for telephone conference dated February 11, 2011). Virtually all of those requests have been made on very short notice. I agree with Judge Mann's rationale for denying an earlier such request:

> These repeated and insubstantial requests impose an undue administrative burden on the Pretrial Services Officer, who is responsible for keeping track of the whereabouts of a defendant on home detention with electronic monitoring. To the extent that the [defendant's counsel] believes that these restrictions are unnecessary and should be eliminated, he should make a motion to modify the bail conditions.

*Id*.

In addition, the defendant's travel increases the risk to the sureties who have each risked incurring a debt of one million dollars in the event the defendant violates a condition of her release. In the absence of consent from those sureties, granting the request will leave the bond essentially unsecured, which I am unwilling to approve.

The Bail Reform Act requires the court to impose "the least restrictive" bail conditions that "will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]" 18 U.S.C. § 3142(c)(1)(B). If the defendant believes that her appearance in court and the safety of others can be assured without her confinement at home subject to electronic monitoring, she should say so and ask the court to remove that condition of release entirely. As long as the condition remains in effect, however, the language of the Bail Reform Act requires me to assume that it is there for an important reason. I therefore conclude that allowing the defendant to travel to social events essentially any time she finds it congenial to attend such events needlessly creates an undue risk of flight and danger to the community. Moreover, a regime in which each social event to which the defendant wishes to travel produces a new request for a modification of the bond creates needless burdens for the parties, their counsel, the sureties, the Pre-Trial Services Agency, and the court. The fact that such requests are routinely filed at or near the last minute only increases those burdens.

For the reasons set forth above, I deny defendant Elena Girenko 's request to modify the conditions of her release by traveling out of her home on August 14, 2011.

**SO ORDERED.**

Dated: Brooklyn, New York
       August 11, 2011

                                            /s/ James Orenstein
                                            JAMES ORENSTEIN
                                            U.S. Magistrate Judge